IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN LAMONT LANE,               )
      Petitioner,              )
                               )
    vs.                        )        Civil Action No. 06-1268
                               )
SUPERINTENDENT HARRY E.         )
WILSON, et al.,                 )
      Respondents.             )

## MEMORANDUM ORDER

On September 22, 2006, Petitioner, John Lamont Lane, through his counsel, filed this petition and it was referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules of the United States District Court for the Western District of Pennsylvania.

On January 8, 2007, the magistrate judge filed a Report and Recommendation (Docket No. 35), recommending that the petition for a writ of habeas corpus filed by Petitioner (Docket No. 1) be dismissed and that a certificate of appealability be denied.

Service of the Report and Recommendation was made on the parties, and Petitioner filed objections (Docket No. 38) on February 28, 2007. Respondents have not filed a response thereto.

In his objections, Petitioner contends, inter alia,[1] that the magistrate judge erred in deferring to the conclusion reached by the state courts that his allegations of trial counsel ineffectiveness and denial of a fair trial for allowing a former teacher of the Commonwealth's lead detective to serve on the jury were defeated by counsel's testimony at the PCRA hearing that

---

[1] Petitioner's other two objections concern issues that were raised in the petition and brief and were addressed and rejected in the Report and Recommendation. For the reasons explained in the Report and Recommendation, these objections are overruled.

counsel wanted to strike the teacher for cause but Petitioner insisted that she remain.  He argues that seating a biased juror is a structural error that is not subject to harmless error analysis; that even if the right to an impartial jury can be waived, such waiver must be knowingly, intelligently and voluntarily made on the record (which did not occur here); and that, in the alternative, he should receive an evidentiary hearing on this issue.  These contentions will be discussed seriatim.

First, although Petitioner is correct that seating a biased juror is a structural error, he has not demonstrated that such an error occurred in this case.  He cites Hughes v. United States, 258 F.3d 453 (6th Cir. 2001), in which a prospective juror was asked at voir dire about her relationship with certain police officers and she stated "I don't think I could be fair."  The defendant asked his lawyer to remove the juror, but counsel failed to do so.  The government made no effort to rehabilitate her or pursue the matter further and thus the record established that she was a biased juror.  The court of appeals held that seating this juror, whether the fault lay with the trial judge or trial counsel, was a structural error requiring a new trial.  Id. at 463.

Here, by contrast, no record of the voir dire proceedings was transcribed and Petitioner has not suggested that the juror (Sarah Sumpter) stated on the record that she could not be impartial.  Rather, he relies on the fact that Sumpter had been a teacher of Dennis Logan, the Commonwealth's lead investigator in the case, to create a presumption that she was biased in favor of the prosecution.  This argument does not withstand scrutiny.

Under Pennsylvania law:

> The test for determining whether a prospective juror should be disqualified is whether he or she is willing and able to eliminate the influence of any scruples and render a verdict according to the evidence, and this is to be determined on the basis of answers to questions and demeanor, Commonwealth v. Bighum, 452 Pa. 554, 307 A.2d 255 (1973).  It must be determined whether any biases or prejudices can be put aside on proper instruction of the court, Commonwealth v.

>Drew, 500 Pa. 585, 459 A.2d 318 (1983).  A challenge for cause should be
>granted when the prospective juror has such a close relationship, familial,
>financial, or situational, with the parties, counsel, victims, or witnesses that the
>court will presume a likelihood of prejudice or demonstrates a likelihood of
>prejudice by his or her conduct and answers to question, Commonwealth v.
>Colon, 223 Pa. Super. 202, 299 A.2d 326 (1972).

Commonwealth v. Colson, 490 A.2d 811, 818 (Pa. 1985), abrogated on other grounds, Commonwealth v. Burke, 781 A.2d 1136 (Pa. 2001).  In this case, Petitioner is relying on the test concerning Sumpter's "relationship" with Logan.

In Colson, the prospective juror knew the victim's mother, who had taught her son in school four years earlier, she was acquainted with one of the motorists who discovered the victim's van, and she was acquainted with the wife of the state trooper who was the prosecuting officer.  The court held that none of these relationships was close enough to create a presumption of prejudice.

The decisions in which a relationship was found to be so close as to create a presumption of prejudice have involved situations in which the prospective juror was also a police officer or the close relative of a police officer.  In Commonwealth v. Jones, 383 A.2d 874, 876 (Pa. 1978), prejudice was presumed because the prospective juror was a Philadelphia police officer in a case involving Philadelphia police officers and the focus of the defense was on the alleged voluntariness of the defendant's confession, because the credibility of the testifying officers was a critical factor.[2]  In Commonwealth v. Fletcher, 369 A.2d 307, 308-09 (Pa. Super. Ct. 1976), prejudice was presumed because the prospective juror was a member of the same police department as the investigating officers, he knew them personally, he knew the district attorney

---

[2]In Jones, the Pennsylvania Supreme Court upheld superior court decisions that had concluded that being a law enforcement officer in and of itself is not a sufficient reason to require disqualification as a juror in a criminal case.

who tried the case for the Commonwealth and he had experienced personal attacks during the course of performing his duties as a police officer (which was relevant because the defendant had forcibly resisted arrest in the case).

In <u>Commonwealth v. Dye</u>, 765 A.2d 1123, 1125-26 (Pa. Super. Ct. 2000), <u>appeal denied</u>, 784 A.2d 114 (Pa. 2001), prejudice was presumed when the prospective juror was the wife of the supervisor of the investigating police officer who was anticipated to and did in fact testify for the Commonwealth at trial.  In <u>Commonwealth v. Stamm</u>, 429 A.2d 4, 7 (Pa. Super. Ct. 1981), prejudice was not presumed when the prospective juror was the aunt of a member of the district attorney's office (not the trial prosecutor) and was related to the police prosecutor in the case, although the exact degree of relationship was not disclosed by the record.

No Pennsylvania court has suggested that prejudice should be presumed when a prospective juror had been a teacher of the Commonwealth's lead investigator.  Petitioner has not demonstrated that an objectively reasonable attorney in Pennsylvania would have concluded that Sumpter had such a close relationship with Logan that she should have been presumed to be prejudiced.  Thus, counsel's failure to strike Sumpter did not constitute ineffective assistance.

Secondly, in the absence of evidence that a defendant was denied the right to trial by an impartial jury, the decision to strike or keep a particular juror belongs to counsel, not the defendant.  See <u>Government of the Virgin Islands v. Weatherwax</u>, 77 F.3d 1425, 1434 (3d Cir. 1996) ("The ABA Standards for Criminal Justice recognize as being among the non-fundamental issues reserved for counsel's judgment whether and how to conduct cross-examinations, <u>what jurors to accept or strike,</u> [and] what trial motions should be made...".)(emphasis added). Thus, Petitioner's argument that trial counsel was required to make a record of his "knowing,

4

intelligent and voluntary waiver of his right to trial by an impartial jury" is inapplicable.

In this case, the state courts concluded that trial counsel (Gary Gerson) believed that Sumpter should have been stricken, but Gerson acquiesced to Petitioner's request that she remain on the jury, although he was not required to do so.  Petitioner has not demonstrated that Gerson should be deemed ineffective for failing to strike Sumpter from the jury.

Finally, Petitioner requests an evidentiary hearing to challenge the state courts' conclusion that Gerson decided to keep Sumpter on the jury because Petitioner wanted him to do so.  In his objections, he proffers for the first time the affidavit of Errol Miller, his PCRA attorney.  Miller proposes to testify that, a few days *before* the PCRA hearing, he spoke to Gerson and that Gerson indicated that he thought it was a good idea to have Sumpter on the jury because she was an articulate black teacher and that he never said it had been Petitioner's idea to allow her to be seated.  (Docket No. 38 Attach. 1.)

Under AEDPA, the standard for holding an evidentiary hearing is as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

As noted in the Report and Recommendation and all the state court proceedings, at the PCRA hearing, in response to Miller's question, Gerson testified that he wanted to strike Sumpter but Petitioner insisted that she remain on the jury. (PCRA Hr'g at 32-33.) Petitioner testified that he wanted her stricken. (Id. at 88-89.) Miller did not attempt to impeach Gerson with what he now contends was Gerson's prior inconsistent statement. Nor did he request to withdraw as counsel so that he could testify as a witness that Gerson had said keeping Sumpter was his own idea, not Petitioner's. In fact, Miller made no further comment about the matter and proceeded to his next line of inquiry. Thus, Petitioner did develop the factual basis for his claim that Gerson demonstrated ineffective assistance of counsel by allowing Sumpter to be seated on the jury in his state court proceedings and he cannot obtain an evidentiary hearing in this Court based on an impeachment argument that he could have made in those state court proceedings.

AND NOW, this 29th day of March, 2007,

IT IS ORDERED that the petition for a writ of habeas corpus filed by petitioner (Docket No. 1) is dismissed and a certificate of appealability is denied.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

Magistrate Judge Mitchell's Report and Recommendation dated January 8, 2007 (Docket No. 35) is adopted as the opinion of the Court, as supplemented by the instant Memorandum Order. The clerk shall mark this case closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge